IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BULK MRO INDUSTRIAL SUPPLY, INC., BULK MRO PPE SUPPLY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GLOVE KING LLC, ATLANTIC CAPITAL LENDING LIMITED, THANH CHI THI NGUYEN, and HENRY LEONG, <br><br> Defendants. | Case No. 1:24-cv-01231 <br><br> Honorable Joan B. Gottschall |

**BULK MRO'S MOTION FOR JUDGMENT AGAINST AMERICAN METRO BANK**

Plaintiffs, Bulk MRO Industrial Supply, Inc. and Bulk MRO PPE Supply LLC (collectively referred to herein as "Bulk MRO"), through their undersigned counsel, for their Motion for Judgment against American Metro Bank, state as follows:

**Background**

1. On January 5, 2024, Bulk MRO obtained a money judgment against Defendants/Judgment-Debtors Glove King LLC, Atlantic Capital Lending Limited, Thanhchi Thi Nguyen, and Henry Leong in the matter of *Bulk MRO Industrial Supply, Inc. and Bulk MRO PPE Supply LLC v. Glove King LLC, et al. (Case No. 1:22-cv-10530-IT)*, brought in the United States District Court for the District of Massachusetts, in the principal amount of $5,987,520.00, plus prejudgment interest in the amount of $432,295.41, for a total judgment amount of $6,419,815.41, plus post-judgment interest (the "Judgment").

2. On February 13, 2024, pursuant to 28 U.S.C. § 1963, Bulk MRO registered the Judgment in the United States District Court for the Northern District of Illinois, commencing the

action entitled *Bulk MRO Industrial Supply, Inc. and Bulk MRO PPE Supply LLC v. Glove King LLC, et al. (Case No. 1:24-cv-1231)*.

3. On or about February 21, 2024, Bulk MRO issued a Citation to Discover Assets [Dkt. 8] to American Metro Bank ("American Metro"), regarding any amounts held by American Metro belonging to the Defendants (the "Bank Citation"). A true and correct copy of the Bank Citation is attached hereto as <u>Exhibit A</u>.

4. The Bank Citation stated that "creditor believes the bank has property belonging to the debtors listed below" and specifically listed one of the debtors as:

> Thanhchi Thi Nguyen
> 9705 Pacific Ct.
> Burr Ridge, IL 60525

*See* <u>Bank Citation, Ex. A, at p. 1</u>.

5. The Citation also stated:

> "You must file the *Answer* on page 4 telling the Court about **all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory. You must not transfer (sell, give away or get rid of) any property not exempt from the enforcement of a judgment**. This prohibition shall remain in effect until further order of the court or termination of the proceeding. The bank is required to withhold double the unpaid amount listed below[.]"

*See* <u>Bank Citation, Ex. A, at p. 2</u> (emphasis added).

6. The Bank Citation also contained a document rider which required American Metro to produce, among other things, "[a]ll statements of account, including cancelled checks, for **any and all** deposit, checking, or investment accounts or outstanding loans **held by Nguyen**[.]" <u>Bank Citation, Ex. A, at p. 9</u> (emphasis added).

7. On February 27, 2024, American Metro tendered an Answer to the Bank Citation identifying three checking accounts: (1) a business checking account in the name of Atlantic Capital Lending Limited (Account ****4023); (2) a business checking account in the name of

Glove King LLC (Account ****4358); and (3) a regular checking account in the name of Nguyen (Account ****8242). A true and correct copy of American Metro's Answer to the Bank Citation is attached hereto as Exhibit B.

8. It appears that American Metro froze the funds in those three accounts identified in the Answer pursuant to its obligations under the Bank Citation.

9. On September 4, 2024, Henry Leong and Nguyen each tendered Answers to Debtor Citations issued to them. True and correct copies of their Answers to the Debtor Citations are attached hereto as Exhibit C (Leong) and Exhibit D (Nguyen). Leong and Ngueyn each identified themselves as being an account holder of one American Metro Bank checking account. Ex. C, at p. 5; Ex. D, at p. 2.

10. On October 19, 2024, Bulk MRO issued Notices of Citation Examination to Leong and Nguyen, each containing document requests seeking production of bank records, among other things. On November 14, 2024, in response to the examination notice, Nguyen produced bank statements for a fourth American Metro Bank account (Account ****4811), which American Metro failed to disclose, with the account holder listed as:

> Satoshi Holdings Co
> Thanh Chi Thi Nguyen
> 9705 Pacific Ct.
> Burr Ridge, IL 60525

A true and correct copy of the February 2024 – December 2024 statements for Account ****4811 are attached hereto as Exhibit E.[1]

---

[1] As indicated above, the Bank Citation specifically: (i) stated that Bulk MRO believed American Metro was in possession of funds belonging to Nguyen; (ii) instructed American Metro to identify all accounts in which Nguyen had an ownership interest; and (iii) contained a document rider seeking bank statements for any and all deposit or checking accounts held by Nguyen. American Metro was clearly obligated (but failed) to identify and disclose the existence of the account, freeze the funds, and produce bank statements along with its Citation response in February 2024.

3

11. On November 19, 2024, Bulk MRO conducted Leong's citation examination, during which he testified that the newly disclosed account was a personal account for Leong and Nguyen and that Satoshi Holdings Co was a d/b/a for them individually. *See* excerpt from Leong deposition transcript, attached hereto as Exhibit F.

12. On November 19, 2024, Bulk MRO filed a Motion for Turnover Order [Dkt. 50] which sought, among other things, a turnover of the funds from the newly disclosed American Metro account held by Nguyen in partial satisfaction of the Judgment.

13. On December 13, 2024, the Court entered a Turnover Order [Dkt. 56] granting a turnover of the account, which Bulk MRO circulated to American Metro.

14. On January 6, 2025, Bulk MRO requested that American Metro provide monthly statements for the account, which revealed that Leong and Nguyen were able to transfer $309,464.05 out of the account in December 2024, and that a total of $455,990.57 was transferred, withdrawn, or debited from of the account since the Bank Citation was served on American Metro in February 2024. *See* March 2024-December 2024 statements for Account ****4811, Ex. E.

15. These monthly withdrawals/debits are broken down as follows:

- In March 2024, Withdrawals/Debits totaled **$47,845.80**
- In April 2024, Withdrawals/Debits totaled **$46,936.25**
- In May 2024, Withdrawals/Debits totaled **$17,666.29**
- In June 2024, Withdrawals/Debits totaled **$4,013.71**
- In July 2024, Withdrawals/Debits totaled **$6,925.17**
- In August 2024, Withdrawals/Debits totaled **$5,041.27**
- In September 2024, Withdrawals/Debits totaled **$3,165.36**
- In October 2024, Withdrawals/Debits totaled **$11,751.47**

- In November 2024, Withdrawals/Debits totaled **$6,612.95**

- In December 2024, Withdrawals/Debits totaled **$309,464.05**[2]

Ex. E.

16. Accordingly, as a direct result of American Metro's failure to identify and freeze the account in February 2024, Leong and Nguyen were able to use the account freely throughout this 10-month period, making hundreds, if not thousands of debit card transactions, as well as large transfers to and from the account. All of those funds should have been frozen so that Bulk MRO could request a turnover order in partial satisfaction of the Judgment.

17. Furthermore, the Bank Citation required American Metro to produce monthly bank statements, which would have provided critical information about the sources of Debtors' funds and the location of additional accounts or other assets.

18. For example, the December 2024 statement showed the following sequence of wire transfer activity:

- 12/12/2024 – Incoming Wire - $99,985.00

- 12/13/2-24 – Outgoing Wire - $98,020.00

- 12/17/2024 – Incoming Wire - $99,985.00

- 12/18/2024 – Outgoing Wire - $101,020.00

- 12/19/2024 – Incoming Wire - $99,985.00

- 12/20/2024 – Outgoing Wire - $99,520.00

- 12/26/2024 – Incoming Wire - $99,985.00

---

[2] The December 2024 statement shows that total withdrawals/debits were $409,449.05, however, on December 27, 2024, American Metro processed the December 13, 2024, Turnover Order [Dkt. 56] and turned over $99,985.00 to Bulk MRO.

19. Bulk MRO requested additional information from American Metro about these transfers, which revealed that the incoming transfers originated from a company called Richtech Robotics, Inc., and the outgoing transfers were paid to a company called Skybound Innovations LLC. *See* wire transfer logs attached hereto as Exhibit G. Further investigation revealed other activity between the Satoshi/Nguyen account and Richtech Robotics, Inc., including a $30,000.00 wire transfer in February 2024. Ex. G.

20. Beyond the fact that the account was not frozen when these large transfers occurred, at Leong's deposition Bulk MRO was unable to inquire into Leong's association with these companies, why Richtech Robotics, Inc. was sending almost $400,000 to Leong in one month, why Leong was immediately sending those funds to Skybound Innovations LLC, or whether Leong has any ownership interest in either of those entities which he failed to disclose and which could be used to satisfy the Judgment, among other things.

21. On June 12, 2025, Bulk MRO sent a demand letter to American Metro asserting that American Metro failed to identify Account ****4811, which was jointly held by Nguyen at the address Bulk MRO listed in the Bank Citation, and that pursuant to 735 ILCS 5/2-1402(f)(1), American Metro is liable for the amount of the funds improperly transferred. A true and correct copy of Bulk MRO's June 12, 2025, demand letter is attached hereto as Exhibit H.

22. On June 27, 2025, American Metro responded stating that it complied with the Bank Citation and "provided information and funds for all the entities [Bulk MRO] described in [its] requests." A true and correct copy of American Metro's June 27, 2025, response is attached hereto as Exhibit I.

**Argument**

23. Pursuant to 735 ILCS 5/2-1402(f)(1), made applicable to this proceeding by Federal Rule of Civil Procedure 69(a), a "citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom… belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt… until the further order of the court or the termination of the proceeding, whichever occurs first. 735 ILCS 5/2-1402(f)(1) (West 2025).

24. If a third party violates the restraining provision of a citation, the court may enter judgment against him other in the amount of the unpaid portion of the judgment… or in the amount of the value of the property transferred, whichever is lesser. *Id.* "The Illinois Supreme Court has interpreted this language to permit a court to hold a third-party citation respondent liable for any transfer in violation of the citation." *Mendez v. Republic Bank*, 725 F.3d 651, 662-63 (7th Cir. 2013) (internal citation omitted). "To recover from [American Metro] Bank, [Bulk MRO] must show only (1) that [it] has an enforceable judgment, (2) that [it] properly served a citation upon the bank, and (3) that the bank transferred assets of the judgment debtor in violation of the citation's restraining provision." *Id.* at 663.

25. Bulk MRO's Bank Citation, dated February 21, 2024, clearly stated that "the creditor believes the bank has property belonging to the debtors listed below" and specifically identified one of the debtors as Nguyen, even listing her address at 9705 Pacific Ct., Burr Ridge, IL 60525. *See* Ex. A, at p. 1.

31697255V.5

26. The American Metro Bank account (Account ****4811), which American Metro failed to identify in response to the Bank Citation, not only lists Nguyen as an account holder in her individual capacity, but also is registered to the same address that Bulk MRO identified as Nguyen's record address on the Bank Citation—9705 Pacific Ct., Burr Ridge, IL 60525. *See generally,* Ex. E; *compare to* Ex. A, at p. 1.

27. Accordingly, a registered account holder of Account ****4811, as shown in American Metro's own recordkeeping system, was one of the debtors that Bulk MRO specifically identified in the Bank Citation as having property held by American Metro. The Bank Citation specifically admonished that American Metro was required to identify "all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory." Ex. A, at p. 2. There can be no dispute that Nguyen has an ownership interest and appears as a signatory on Account ****4811. Ex. E.

28. Pursuant to 735 ILCS 5/2-1402(m), service of the Bank Citation upon American Metro created a perfected lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of disposition of the citation."

29. The Bank Citation contained a restraining provision, pursuant to 735 ILCS 5/2-1402(f)(1), requiring American Metro to freeze the account and withhold double the amount of the judgment. Ex. A, at p. 2. The purpose of the restraining provision is to prevent the citation respondent "from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due." *Cacok v. Covington Electric Co.*,

111 F.3d 52, 54 (7th Cir. 1997). American Metro violated Section 1402(f)(1) by failing to withhold any amount from Account ****4811.

30. Illinois law provides that a court may punish a third-party who violates the restraining provision of a citation by entering judgment against the third-party in the amount of the judgment creditor's claim or the value of the property, whichever is less. *Id.*

31. Between March 2024 and December 2024, American Metro permitted Leong and Nguyen to withdraw/debit $455,990.57 out of Account ****4811. Ex. E.

32. The amount of the original indebtedness was $6,419,815.41 and to date, Bulk MRO has collected only $265,699.57 in partial satisfaction of the Judgment. Because the amount of the property American Metro improperly permitted to be transferred is less than the remaining balance on the Judgment, American Metro is liable to Bulk MRO for the amount of $455,990.57, plus pre-judgment interest as provided by law. *See* 735 ILCS 5/2-1402(f)(1).

WHEREFORE, for the reasons stated above, Bulk MRO respectfully requests that this Court enter an Order:

    A.    Awarding judgment in favor of Bulk MRO and against American Metro Bank in the amount $455,990.57, plus pre-judgment interest as permitted by law; and

    B.    Granting such other and further relief as the Court funds just and equitable.

Dated: August 13, 2025                  Respectfully submitted,

**BULK MRO INDUSTRIAL SUPPLY, INC.,**
**BULK MRO PPE SUPPLY LLC,**

**Plaintiffs.**

By: */s/ Joseph E.M. Franke*
       One of Their Attorneys

Hal J. Wood (hwood@ktslaw.com)
Joseph E. M. Franke (jfranke@ktslaw.com)
**KILPATRICK TOWNSEND & STOCKTON LLP**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **MOTION FOR JUDGMENT AGAINST AMERICAN METRO BANK**, to be filed electronically in the United States District Court, Northern District of Illinois on August 13, 2025, and to be served with the Court's CM/ECF system to all parties receiving electronic noticing and upon American Metro Bank by electronic mail and USPS regular mail addressed as follows:

Adam Goodman (agoodman@goodtov.com)
**Goodman Tovrov Hardy & Johnson LLC**
105 West Madison Street, Suite 2300
Chicago, Illinois 60602

Mark Rusiewski, registered agent
Todd Grayson (toddg@americanmetrobank.com) (by email only)
Raymond Berowski (raymondb@americanmetrobank.com) (by email only)
**American Metro Bank**
878 N. Broadway Street
Chicago, Illinois 60640

                                                 */s/   Joseph E.M. Franke*
                                                 Joseph E. M. Franke

31697255V.5